United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
October 24, 2016
David J. Bradley, Clerk

| | | |
|---|---|---|
| Mary Frances Jones, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action V-14-76 |
| | § | |
| City of Victoria, Texas, et al., | § | |
| | § | |
| Defendants. | § | |

# Opinion on Judgment

1. *Introduction.*

An arrestee sued a police officer and the city that employs him for violating her rights. She will take nothing.

2. *Background.*

On December 22, 2013, the police for the City of Victoria received an emergency call that a person was driving wildly in a muddy field. Several officers including Jason Stone and Justin Schubert responded. Schubert arrived first, Stone next. Schubert had seen a red truck in the field. Both officers shown emergency lights and saw the truck flee.

They followed the truck and found it parked outside a house. Joined by more officers, they asked bystanders who was driving the truck. They said William Wallace had been driving.

3. *Officers.*

During the investigation, Mary Frances Jones and Matthew Milberger walked toward the truck from a house across the street to yell and curse at the officers. William Wallace walked out of the same house and joined in the yelling.

As officers approached William Wallace to ask whether he had driven the truck, he ran to the back of the house. They chased him; Jones followed. The officers say she shouted, "Fuck this, I'm getting a gun" and then tried to go into the house.

Some officers – not Stone – stopped Jones, put her on the ground, and handcuffed and arrested her for disorderly conduct.

Within hours of her arrest, Jones was released and treated at DeTar Healthcare System.

On January 7, 2014, she pleaded no contest and was found guilty of disorderly conduct.

4.  *Jones.*

Jones says that when she crossed the street from the house, three officers asked her who owned the truck. She said it was hers; they did not believe her. She walked towards the door of the house. She says she did not mention getting a gun.

Stone brought her to the ground, causing her pajama bottoms to slip below her waist. Stone held her to the ground, another officer put his foot on her arm, and a third officer kicked her in the ribs and handcuffed her.

After she was arrested and taken to the jail, she says she was forced to plead no contest to the disorderly conduct charge in order to get medical attention. She then went to the hospital where she was diagnosed with multiple injuries.

5.  *Analysis.*

Jones says that Stone and the City violated her constitutional rights by (a) falsely arresting her and (b) using excessive force when detaining her.

   A.   *False Arrest.*

Civil claims that challenge imprisonment can be brought only once the accused has been acquitted.[1] Jones has been found guilty of the crime for which she was arrested. She will take nothing from Stone and the City on her false arrest claim.

   B.   *Excessive Force.*

To recover, Jones must show that she suffered an injury from the use of objectively unreasonable force. Jones testified that (a) Stone grabbed her and slammed her to the ground, (b) another officer put his foot on her arm, and (c) a third officer kicked her and handcuffed her. She says that the three officers left her body partially exposed to chase Wallace.

---

[1] *James v. Brown*, 637 S.W.2d 914 (Tex. 1982); *Cantu v. Botello*, 910 S.W.2d 65 (Tex. App. Corpus Christi 1995).

Despite her repeated claims that the officers broke her ribs, her medical records show that her only injuries were bruising and reported pain. Her ribs were not fractured.

Jones does not contest that she tried to walk into her house at the same time that a suspect was fleeing in that direction. When an officer stops a person from moving, physical contact results.[2] To restrain Jones, Stone was not unreasonable in taking her to the ground; the other officer was not unreasonable in preventing her from moving her arm by putting his foot on it; the third officer was not unreasonable in handcuffing her.

An officer's kicking a suspect may be objectively unreasonable if done maliciously. Jones presents no fact to show that the kick was intentional. She does not even know the name of the officer who kicked. She also cannot say that her bruises and pain resulted from the kick rather than the force used to restrain her.

The officers were not responsible for her clothing or modesty while trying to chase a suspect.

No reasonable jury could find that the officers injured Jones by using objectively unreasonable force. She will take nothing from Stone.

6. *The City.*

No facts support her claims that the City has a pattern of using excessive force or trains its officers to use excessive force. She will take nothing from the City.

Signed on October 24, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[2] Glenn v. City of Tyler, 242 F.3d 307, 315 (5th Cir. 2001).